**UNITED STATES of America, Petitioner-Appellee,**

v.

**William Clinton GARDNER, Respondent-Appellant.**

**No. 72-1144.**

United States Court of Appeals, Ninth Circuit.

July 17, 1972.

Ely, Circuit Judge, concurred and filed opinion.

William Clinton Gardner, in pro. per.

William D. Keller, U. S. Atty., Richard J. Trattner, Eric A. Nobels, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before ELY, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Gardner appeals from a denial by the district court of his 28 U.S.C. § 2255 motion. We affirm.

FACTS

Immediately prior to January 15, 1968, appellant was found guilty of violating 18 U.S.C. § 1708 [possession of stolen mail] on five counts and on that day was sentenced to imprisonment for a period of four years on each count, the sentences to run concurrently. The convictions were affirmed by this court on September 3, 1969. Gardner v. United States, 415 F.2d 1139 (CA9 1969).

On October 13, 1969, appellant was again found guilty of violating 18 U.S.C. § 1708, and sentenced to imprisonment for a period of two years, the sentence to run consecutively to those imposed on January 15, 1968. Appellant was placed in custody on October 13, 1969.

In his first § 2255 motion, appellant argued that at the time he received his

second sentence [October 13, 1969], which sentence was to run consecutively to those imposed on January 15, 1968, that the mandate affirming his conviction and sentence of the first trial had not been spread on the district court records. Without citing authority, he then urged that the first sentences being uncertain and indefinite,[1] that the second sentence which was to commence on the expiration of the first, was thereby rendered equally uncertain and indefinite and must be set aside. The district judge dismissed this motion as "frivolous". A motion for rehearing was denied. No appeal was prosecuted from the dismissal, nor from the denial of the motion for rehearing.

Later, on November 14, 1971, appellant filed another 28 U.S.C. § 2255 motion, which he designated as "Motion to File Amended 2255 Motion". Appellant, in the latter motion, acknowledges that he previously filed under § 2255 and that the grounds of the present motion are the "same basic grounds." The district judge again considered appellant's motion and denied it. It is from this denial that appellant prosecutes this appeal.

 We agree with the trial judge's analysis of appellant's contentions as "frivolous". A second sentence imposed in a separate trial to run consecutively to previous sentences, is not made indefinite or uncertain merely because the mandate in the case on appeal had not been spread at the time of sentencing in the second case. Here, the appeal in the first case was decided on September 3, 1969. [415 F.2d 1139.] The judgment of conviction in the first case was. then final. Rule 36, FRAP.[2] This occurred over one month before the second sentence. Appellant does not deny that certified copies of the judgment of the court of appeals affirming the conviction in the first trial were received by the district court on October 6, 1969, over one week prior to the second

sentencing. The certified copy of the judgment constitutes the mandate. Rule 41, FRAP. There is no provision for "spreading" the mandate in either FRCrimP or FRAP.

We hold that the sentences here under scrutiny commenced to run on October 13, 1969, the date on which appellant was taken into custody, and that they are neither indefinite nor uncertain.

The judgment is affirmed.

ELY, Circuit Judge (concurring):

I concur in the result, and I concur in all of the majority's opinion except the sentence therein which broadly states the following: "The judgment of conviction in the first case was then final."

I disagree with the quoted sentence, since absent a specific directive under the authority of Rule 2, Fed.R.App. Proc., a judgment of a Court of Appeals is not "final" on the date of the filing of the opinion. *See, e. g.,* those provisions prescribing a period within which a petition for rehearing may be filed in the Court of Appeals or a petition for writ of certiorari filed in the Supreme Court of the United States. Rule 40, Fed.R.App.Proc., 28 U.S.C. § 2101(c).

---

1. Because the mandate had not been spread.

2. No petition for rehearing or for a writ of certiorari was filed.